Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400 x229
F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,
MOISES MEMESES.

FILED
NOV 23 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MOISES MEMESES,

    Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC.,

    Defendant.

Case No.: CV-11 5682 NC

**VERIFIED COMPLAINT**

(Unlawful Debt Collection Practices)

E-filing

## **VERIFIED COMPLAINT**

MOISES MEMESES ("Plaintiff"), by attorneys, KROHN & MOSS, LTD., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

### **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

- 1 -

VERIFIED COMPLAINT

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Pacifica, San Mateo County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with an office in Dallas, Texas.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On or around August of 2011, Plaintiff began receiving calls from Defendant in connection with an alleged debt.

12. Defendant calls Plaintiff from 800-214-5388, 800-214-5329, 214-319-5329, and possibly other numbers also.

13. Plaintiff receives Defendant's calls from individuals named "Marcus Hampton," "Niroby," and "Ruby."

14. Since the earliest calls, Plaintiff has disputed the debt and requested that calls cease.

15. Despite the foregoing, Defendant has continued to contact Plaintiff at his number, ending in -3166, and also his wife's number, ending in -0041, on a daily basis.

16. Defendant has called Plaintiff at his place of employment on repeated occasions, after being told repeatedly that such calls are prohibited.

17. Defendant has spoken to at least four other employees at Plaintiff's place of employment, in search of Plaintiff.

18. Defendant has made repeated threats against Plaintiff, including, but not limited to, that if Plaintiff did not immediately return Defendant's calls, he would have 25% of his wages garnished.

19. Defendant has stated to Plaintiff that, since he does not return the calls promptly, that Plaintiff should "pack up and move back to the Philippines."

20. Despite the foregoing, Defendant has continued to call Plaintiff, typically once but often more than once per day, seeking and demanding payment on an alleged debt.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on, but not limited to, the following:

    a. Defendant violated §1692c(a)(3) of the FDCPA by communicating with the consumer at the consumer's place of employment, while knowing or having reason to know the consumer's employer prohibits such communications;

    b. Defendant violated §1692c(b) of the FDCPA by communicating with third parties, without the prior consent of the consumer, in connection with the collection of a debt;

    c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection

- 3 -

VERIFIED COMPLAINT

with the collection of a debt;

d. Defendant violated § 1692d(2) of the FDCPA through the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;

e. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

f. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt; and

g. Defendant violated §1692e(4) of the FDCPA by making the representation or implication that nonpayment of any debt will result in the garnishment or attachment of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

WHEREFORE, Plaintiff, MOISES MEMESES, respectfully request judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

22. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

24. Any other relief this Court deems appropriate.

### COUNT II:
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on, but not limited to, the following:

a. Defendant violated §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly and continuously so as to annoy the person called;

b. Defendant violated §1788.11(e) of the RFDCPA by placing collection calls with

such frequency that was unreasonable and constituted harassment; and

c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, MOISES MEMESES, respectfully request judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

27. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

28. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

29. Any other relief this Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: November 21, 2011

KROHN & MOSS, LTD.

By: _____
Nicholas J. Bontrager
Attorney for Plaintiff

VERIFIED COMPLAINT

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, MOISES MEMESES, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, MOISES MEMESES, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: Nov 03, 11

MOISES MEMESES

-6-

VERIFIED COMPLAINT